IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**EBRAHIM ADKINS,**

                **Plaintiff,**

      **v.**                                                        **CASE NO.10-3164-SAC**

**JOHN SANDERS, et al.,**

                **Defendants.**

**O R D E R**

This matter comes before the court on a form complaint seeking relief under 42 U.S.C. § 1983 on allegations related to four civil cases plaintiff filed in a state district court in Plaintiff proceeds pro se, and seeks leave to proceed in forma pauperis under 28 U.S.C. § 1983.

Having reviewed plaintiff's limited financial resources and inability to pay the district court filing fee, the court grants plaintiff leave to proceed in forma pauperis. As it appears plaintiff is no longer a "prisoner" as defined by 28 U.S.C. § 1915(g), he is not subject to the § 1915 provisions applicable to civil actions filed by prisoners, including the obligation to pay the full $350.00 district court filing fee in this matter, 28 U.S.C. § 1915(b)(1).[1]

Although not a prisoner, the complaint remains subject to

---

[1] Nor is plaintiff subject to the § 1915(g) "3-strike" provision, which given plaintiff's litigation history in federal court would clearly bar him from proceeding in forma pauperis in this matter if he were still a prisoner.

summary dismissal if the court finds it is frivolous or abusive, fails to state a claim for relief, or seeks monetary damages from persons immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Courts have found § 1915(e)(2) applies to prisoners and nonprisoners alike. See *Lister v. Department of Treasury*, 408 F.3d 1309, 1312 (10th Cir.2005)(§ 1915 applies to all plaintiffs who seek in forma pauperis status, even if they are not prisoners)(citing cases).

Whether dismissal is appropriate under § 1915(e)(2)(B) must be analyzed under the same standard applied to a motion to dismiss under Fed.R.Civ.P. 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir.2007). The court is to accept as true all well-pleaded facts and is to draw all reasonable inferences from those facts in favor of the plaintiff. *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir.2006). Although the pleadings of a pro se plaintiff are to be liberally construed, *Haines v. Kerner*, 404 U.S. 519 (1972), to avoid dismissal a complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action ... [and] must allege sufficient facts to state a claim which is plausible-rather than merely conceivable-on its face." *Fisher v. Lynch*, 531 F.Supp.2d 1253, 1260 (D.Kan.2008).

In the present case, plaintiff names a state court judge and a state court clerk as defendants, and claims they unlawfully prevented him from proceeding on appeal with appointed counsel in four identified civil cases presumably filed by plaintiff in the Butler County District Court in 2004, and summarily dismissed by the

state court judge.[2] Plaintiff further claims he was entitled to service of process in said actions, and alleges defendants were biased and prejudiced against him.[3] On these allegations, plaintiff seeks damages, declaratory judgment, and injunctive relief including reversal of the judgments entered in those four cases.

The court finds the complaint is subject to being dismissed pursuant to § 1915(e)(2)(B) for at least three significant reasons.

First, plaintiff seeks relief well outside the two year statue of limitations applicable to § 1983 cases filed in Kansas. See *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985); *Baker v. Board of Regents of State of Kan.*, 991 F.2d 628, 630-31 (10th Cir. 1993). Federal law determines the accrual of section 1983 claims. *Wallace v. Kato* 549 U.S. 384, 388 (2007). Apparently anticipating an obvious time bar, plaintiff broadly contends the two year limitation period does not apply in this instance because he suffers from mental impairments which have periodically limited his ability to perform gainful activities, and because he was unable to know he was suffering a wrong from which damages might be recovered until he consulted with an attorney in May 2010.

However, plaintiff was clearly aware in 2004 of the misconduct by defendants he now alleges. A cause of action generally accrues when the plaintiff knows or has reason to know that he was injured and who inflicted the injury. See *United States v. Kubrick*, 444

---

[2]Plaintiff appears to state that each of the four civil cases is a "direct component" of a 2003 state civil case (Case No. 2003-C-456) which may relate to a prison disciplinary action against plaintiff.

[3]Plaintiff also cites a judicial complaint he filed in 2010, which resulted in a finding of no judicial misconduct.

U.S. 111 (1979)(a claim accrues when the plaintiff knows both the existence and the cause of his injury); *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir.1995)(a "civil rights action accrues when 'facts that would support a cause of action are or should be apparent'")(citation omitted). Moreover, records in this court demonstrate that plaintiff actively filed numerous cases in 2004 and through 2006, which belie plaintiff's broad assertion that mental impairments prevented him from seeking recourse in the courts during the relevant two year period after plaintiff's claims accrued.[4]

Second, even if plaintiff's claims were not time barred, to the extent he seeks monetary or injunctive relief from a state district court judge for alleged actions or inactions taken within that court's jurisdiction, this defendant is clearly immune from such relief. See *Stump v. Sparkman*, 435 U.S. 349, 362-64 (1978); 42 U.S.C. § 1983. See also *Stein v. Disciplinary Bd. of Supreme Court of NM*, 520 F.3d 1183, 1191 (10th Cir. 2008)(court clerks are generally entitled to qualified immunity).

And third, to the extent plaintiff seeks intervention by the federal court in a state court judgment, such relief is prohibited by the *Rooker-Feldman*[5] doctrine which jurisdictionally bars this court from reviewing decisions of the state courts. See *Pittsburg County Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 706-07 (10th Cir.2004)("*Rooker-Feldman* precludes a party losing in

---

[4]Court records disclose that plaintiff filed six cases in 2004 between October and December 2004, one case in January 2005, and two cases in February and June 2006.

[5]*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

4

state court from seeking what in substance would be appellate review of a state judgment in a United States district court, based on the losing party's claim that the state court judgment itself violates the loser's federal rights.")(quotations marks and citations omitted)(en banc).

The court thus directs plaintiff to show cause why the complaint should not be dismissed as legally frivolous, § 1915(e)(2)(B)(i), as stating no claim for relief, § 1915(e)(2)(B)(ii), and as seeking monetary relief from a person immune from such relief, § 1915(e)(2)(B)(iii). The failure to file a timely response will result in the complaint being dismissed for the reasons stated herein, without further prior notice to plaintiff.

Plaintiff's motion for appointment of counsel is denied. Plaintiff has no right to the assistance of counsel in this civil action. *Durre v. Dempsey*, 869 F.2d 543, 647 (10th Cir. 1989). Having reviewed plaintiff's claims, his ability to present said claims, and the complexity of the legal issues involved, the court finds the appointment of counsel in this matter is not warranted. See *Long v. Shillinger*, 927 F.2d 525, 526-27 (10th Cir. 1991)(factors to be considered in deciding motion for appointment of counsel).

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, and that plaintiff's motion for appointment of counsel (Doc. 3) is denied.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**IT IS SO ORDERED.**

DATED: This 10th day of November 2010 at Topeka, Kansas.

                                       <u>s/ Sam A. Crow</u>
                                       SAM A. CROW
                                       U.S. Senior District Judge