IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EBRAHIM ADKINS,

                Plaintiff,

     v.                                    CASE NO. 10-3164-SAC

JOHN SANDERS, et al.,

                Defendants.

**O R D E R**

Plaintiff proceeds pro se and in forma pauperis on a complaint seeking relief under 42 U.S.C. § 1983 on allegations related to four civil cases resolved against plaintiff in state district courts. The two defendants named in the complaint are a Butler County District Court judge, and the Butler County District Court clerk. Plaintiff seeks damages from defendants, declaratory judgment, and injunctive relief including reversal of the judgments entered in the four Butler County civil cases.

The court reviewed the complaint and directed plaintiff on November 10, 2010, to show cause why the complaint should not be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because relief on plaintiff's allegations of error occurring in 2004 was barred by the statute of limitations, and because even if not time barred, the defendants were entitled to immunity. The court further noted the *Rooker-Feldman* doctrine barred the federal court's intervention in a state court judgment.

Plaintiff filed a response, and also filed a motion for summary judgment in which he amends his complaint to clarify that he is suing each defendant in both their official and individual capacity. In these documents plaintiff reiterates that he was found eligible to receive Social Security Supplemental Income (SSI) due to his mental impairment, argues his claims did not accrue until February 2010 when he self reports his mental condition stabilized enough for him to become aware he had suffered a wrong for which damages could be pursued, and contends the accrual date of his claims should be determined by a jury. Plaintiff also maintains neither defendant is entitled to immunity from plaintiff's claims against them in their individual capacity, and insists the federal court is authorized to intervene in a state court action to prevent manifest injustice.

Having reviewed these documents and the complaint as amended, the court finds no sound legal basis is presented for curing defects in the complaint to avoid summary dismissal. The court continues to find the complaint, even as amended, is time barred and fails to assert any plausible legal claim for proceeding against either defendant under § 1983. The court thus concludes the amended complaint should be dismissed pursuant to § 1915(e)(2)(B).

IT IS THEREFORE ORDERED that plaintiff's motion summary judgment (Doc. 6) is liberally construed and considered in part as amending the complaint, that the amended complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), and that the remainder of plaintiff's motion for summary judgment (Doc. 6) is denied as premature and moot.

**IT IS SO ORDERED.**

DATED:   This 26th day of April 2011 at Topeka, Kansas.


                                    s/ Sam A. Crow
                                    SAM A. CROW
                                    U.S. Senior District Judge